UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    555 Fourth St., N.W.<br>    Washington, D.C.   20530<br><br>                    Plaintiff,<br><br>            v.<br><br>$3,484.70 IN UNITED STATES CURRENCY,<br><br>            and<br><br>TWO WESTERN UNION MONEY ORDERS<br>VALUED AT $2,000,<br><br>            and<br><br>ONE TOSHIBA A205-S4587 LAPTOP,<br><br>            and<br><br>ONE HP PAVILION DV6000 LAPTOP,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by and through its attorney, the United States Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

1. This is a civil action, *in rem*, to forfeit and condemn to the use and benefit of the United States of America the following property:  $3,484.70 in U.S. currency, two Western

Union Money Orders valued at $2,000, one Toshiba A205-S4587 laptop, and one HP Pavilion dv6000 laptop ("defendants"), through enforcement of 18 U.S.C. § 981(a)(1)(A), which provides for forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 and/or 1960 (money laundering), or any property traceable to such property.  All of the defendant property was , seized on or about October 10, 2007, from a specific address located in the 3500 block of Olive Branch Drive, Silver Spring, MD 20904.

      2.  This action is also brought to enforce 18 U.S.C. § 981(a)(1)(D), which provides for forfeiture of any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 666(a)(1).

## JURISDICTION, VENUE, AND GOVERNING LAW

      3.  This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred.

      4.  This civil action *in rem* for forfeiture is governed by 18 U.S.C. § 981, 18 U.S.C. § 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

      5.  On October 10, 2007, a Federal search warrant issued by the District Court for the

District of Columbia, was executed by law enforcement at a specific address in the 3500 block of Olive Branch Drive, Silver Spring, MD 20904, and after Marcia Anderson ("Anderson") was arrested for stealing, embezzling or obtaining by fraud, funds in excess of $5,000 from an entity that receives Federal funds of $10,000 or more in any one year period, the Washington Metro Area Transit Authority ("WMATA"), in violation of 18 U.S.C. § 666.

    6. WMATA is an organization or agency that was created to operate the regional transportation system in the National Capital area. WMATA's rail and bus serve a population of over three million people and has a transit zone which covers the District of Columbia, suburban Maryland, and Northern Virginia.

    7. For over ten years, WMATA's headquarters has been located at 600 Fifth Street N.W., Washington, D.C. WMATA has been an agency or organization that receives in any one year period benefits in excess of $10,000 under a Federal program.

    8. Anderson was employed by WMATA as a supervisor in the transit sales offices.

    9. Anderson's annual salary from WMATA for 2004-2007 was approximately $53,000.

    10. From on or about January, 2004 to the present, Anderson used her position as a supervisor in the WMATA transit sales offices to gain access to funds collected by WMATA employees, and to steal or embezzle large amounts of cash on a regular basis.

    11. Anderson worked at three different sales offices: the WMATA bus station located at 4615 14th Street N.W. ("NGB"), the sales office at 17 M Street S.E., and the sales office in the WMATA subway station known as "Metro Center" in the District of Columbia, and stole cash, sometimes as much as $2,000 a day, and removed it from WMATA premises on her person for her own use.

12. WMATA maintains sales offices in the District of Columbia in order to sell "Metro Fare Media" to the commuting public.

13. Metro Fare Media refers to bus tokens, student passes, senior citizen passes, and Metro Fare Cards ("Metrocheks"). Metrocheks are transit cards which have Metro fare balances electronically programed onto them.

14. Each sales office is operated by a transit sales clerk who engages in individual sales transactions with customers at a walk-up window. A transit sales clerk can accept either cash or Metrochecks for payment of Metro Fare Media.

15. Anderson's duties included ensuring that daily WMATA Point of Sale (POS) customer cash purchases and Metrocheks purchases reconciled with transit sales clerks' cashiers' balance reports. Anderson was supposed to verify the transactions from the sale drawers of WMATA transit sales clerks, which contain both cash sales and Metrocheks.

16. Anderson supervised and verified the sale drawers of over twenty WMATA employees.

17. Anderson had access to WMATA's drop boxes, cash drawers, and Metrocheks.

18. In order to avoid detection by WMATA of the theft of cash, Anderson supplemented the cash loss from the transit sales clerks' drawers with Metrocheks that she received from another WMATA employee. Through this scheme, Anderson ensured that the daily cash received and Metrocheks balanced. She was therefore, able to avoid detection by WMATA for a time.

19. An audit by a WMATA contractor of Anderson's computer activities regarding the records of Metro Fare media sales under her supervision, and the amount of cash received at the

sales offices under her supervision, revealed that Anderson made regular changes to transit sales clerks' computer entries after their shifts. Anderson would routinely increase the figures for Metrochecks and decrease the amount of cash received by the transit sales clerks. During the 18 months preceding October 2007, and just from the sales office located at 4615 Fourteenth Street, N.W., the audit revealed that Anderson deleted approximately $60,000 from transit sale clerks' "cash" column in the computer system.

20. A review of Anderson's SunTrust bank account #xxxxxxxxxx6295 revealed that from January 12, 2004 until June 1, 2007, there were routine and regular unexplainable deposits, totaling approximately $312,616.45, which were over and above the direct deposit of her salary from WMATA.

21. Of the $312,616.45 in unexplainable deposits, approximately $90,249.38 were deposits in the form of money orders or bank checks made out to Anderson, mostly in rounded dollar amounts.

22. Of the $312,616.45 in unexplainable deposits, approximately $186,083.36 was in the form of cash deposits, the majority of the cash deposits were under $2,000.00 each.

23. A comparison of WMATA's computer records and cash reports submitted by transit sales clerks revealed that from on or about September 20, 2007 through September 24, 2007, Anderson removed $2,907.50 in cash from WMATA, and decreased the amount of cash collected at the sales office in WMATA's records.

24. On September 25, 2007, Anderson purchased two Western Union money orders at the Check Cash Depot located at 10533 Baltimore Avenue, Beltsville, Maryland. These two money orders, valued at $2,000.00, were later recovered from Anderson's purse pursuant to the

search warrant.

25. A comparison of WMATA's computer records and cash reports submitted by transit sales clerks revealed that from on or about October 5, 2007 through October 9, 2007, Anderson removed $2,179.00 in cash from WMATA, and decreased the amount of cash collected at the sales office in WMATA's records.

26. Of the $3,484.70 in U.S. currency was seized pursuant to the search warrant, $3,150.00 in U.S. currency was recovered from Anderson's purse, and $344.70 in U.S. currency was found in a closet in Anderson's bedroom.

27. One Toshiba A205-S4587 laptop and one HP Pavilion dv6000 laptop were recovered from Anderson's residence during the search warrant.

28. According to Circuit City's sales records, on or about April 26, 2007, Anderson purchased a Toshiba A205-S4587 laptop for $949.22. Anderson paid for the laptop with Chase Visa credit card #xxxxxxxx1905. On or about May 14, 2007, Anderson made a payment to Chase Visa credit card in the amount of $2,000.00 from SunTrust account #xxxxxxxxx6195.

29. According to Circuit City's sales records, on or about April 27, 2007, Anderson purchased a HP Pavilion dv600 laptop for $1,149.99. Anderson paid for the laptop with American Express card #xxxxxxxxx3007. On or about May 18, 2007, Anderson made a payment to American Express in the amount of $2,300.00 from SunTrust account #xxxxxxxxx6195.

## COUNT ONE

30. The factual statements made in paragraphs 1 through 29 are re-alleged and incorporated by reference herein.

31. The defendants, two Western Union Money Orders valued at $2,000, one Toshiba A205-S4587 laptop, and one HP Pavilion dv6000 laptop are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of theft concerning programs receiving Federal funds (18 U.S.C. § 666), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

32. As such, the defendants were involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT TWO

33. The factual statements made in paragraphs 1 through 29 are re-alleged and incorporated by reference herein.

34. The defendants, $3,484.70, two Western Union Money Orders valued at $2,000, one Toshiba A205-S4587 laptop, and one HP Pavilion dv6000 laptop, are subject to forfeiture because they represent or are traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 666(a)(1) (relating to Federal program fraud).

30. As such, the defendants are, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(D).

WHEREFORE, the plaintiff prays that, as to the above-referenced defendants, process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear

and show cause why the forfeiture should not be decreed and the defendants be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

_/s/_____
JEFFREY TAYLOR
UNITED STATES ATTORNEY
District of Columbia Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
District of Columbia Bar No. 426301


_/s/_____
DIANE G. LUCAS,
Assistant  United States Attorney
District of Columbia Bar No. 443610
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## **VERIFICATION**

      I, Maria E. Couvillon, United States Postal Inspector, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

      Executed on this __1st__ day of April, 2008.

                                                                                           /s/_____
                                                                               Maria E. Couvillon
                                                                               United States Postal Inspector
                                                                               United States Postal Inspection Service

*Handwritten: E 08-571 CKK*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS $3,484.70 in U.S. Currency, Two Western Union Money Orders valued at $2,000, One Toshiba A205-S4587 Laptop, and One HP Pavilion DV6000 Laptop. |
|---|---|
| United States of America | |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Diane G. Lucas          (202) 514-7912
William R. Cowden
Assistant U.S. Attorneys
555 4th Street, NW, 4th Fl.
Washington, DC 20530

Case: 1:08-cv-00571
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/2/2008
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

[X] E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| Real Property<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>[X] 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

*Handwritten: O Warrant 1*

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. § 981(a)(1)(A), forfeiture of property involved in viol. of money laundering, and 18 U.S.C § 981(a)(1)(D), forfeiture of property traceable to viol. of 18 U.S.C. §666(a)(1)

VII. REQUESTED IN COMPLAINT  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

VIII. RELATED CASE(S) IF ANY  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 4/2/08  SIGNATURE OF ATTORNEY OF RECORD  /s/ DIANE G. LUCAS
Assistant United States Attorney

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.